UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TANSY DEVELPMENT COMPANY, INC., <br><br> Plaintiff, <br><br> v. <br><br> CASTLE VEGTECH, INC., et al., <br><br> Defendants. | Case No. 22-cv-02936-PCP <br><br> **ORDER DENYING PLAINTIFF'S MOTION TO SERVE DEFENDANT VIA THE CALIFORNIA SECRETARY OF STATE** <br><br> Re: Dkt. No. 98 |

Plaintiff Tansy Development Company, Inc. ("Tansy") seeks permission to serve its first amended complaint on defendant Castle Vegtech, Inc. through the California Secretary of State. Castle Vegtech, Inc. is a California corporation that has been dissolved since October 20, 2005, according to the California Secretary of State's website. Dkt. No. 98-1, at 4. No party opposes Tansy's motion. The Court reviewed Tansy's moving papers and directed Tansy to file a supplemental brief addressing whether Castle Vegtech, Inc. can be served with reasonable diligence pursuant to California Code of Civil Procedure § 416.20.

Rule 4 of the Federal Rules of Civil Procedure provides that proper service can be made by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1). California law allows a court to direct service on a corporation by hand-delivery to the Secretary of State if:

> an agent for the purpose of service of process has resigned and has not been replaced or if the agent designated cannot with reasonable diligence be found at the address designated for personally delivering the process, or if no agent has been designated, and it is shown by affidavit to the satisfaction of the court that process against a domestic corporation cannot be served with reasonable diligence upon the

> designated agent by hand in the manner provided in Section 415.10, subdivision (a) of Section 415.20 or subdivision (a) of Section 415.30 of the Code of Civil Procedure or upon the corporation in the manner provided in subdivision (a), (b) or (c) of Section 416.10 or subdivision (a) of Section 416.20 of the Code of Civil Procedure.

Cal. Corp. Code § 1702(a). Section 416.20 of the California Code of Civil Procedure governs service of summons upon a corporation that has been dissolved. *See, e.g.*, *Am. Fire & Cas. Co. v. Nick Sessions*, 2024 WL 2209701, at *3 (E.D. Cal. May 16, 2024). Under § 416.20(a), service on a dissolved corporation may be accomplished by delivery to a person who is a trustee of the corporation and of its stockholders or members.

In support of its motion, Tansy has provided a declaration by attorney Craig Berman swearing under penalty of perjury that Castle Vegtech, Inc.'s only current agent for service of process is Jean Castle. Dkt. No. 98-1, at 2. Unfortunately, Jean Castle passed away on April 8, 2016, and according to Berman "there is no other way to serve Castle Vegtech, Inc. but through the Secretary of State." *Id.* Jean Castle was listed as the Agent for Service of Process, Chief Executive Office, Secretary, Chief Financial Officer and Director in Castle Vegtech, Inc.'s last statement of information filed with the Secretary of State on June 13, 2005. Dkt. No. 106, at 7. No other individual associated with the corporation was listed, and Tansy "does not know who the stockholders or members of Castle Vegtech, Inc. are or if any of those stockholders or members are currently living to serve the summons and complaint." *Id.* at 3. Berman further swears that Tansy "has been unable to locate an agent upon who process might be served at the time of [Castle Vegtech, Inc.'s] dissolution or after." *Id.*

Beyond looking to Castle Vegtech, Inc.'s public filings with the California Secretary of State, Tansy does not demonstrate any efforts it has made to identify trustees of the corporation and of its stockholders or members. Notably, many Castle family members are parties to this litigation, and Tansy has not shown that it has attempted to determine whether any of the other Castles are trustees of their namesake corporation Castle Vegtech, Inc. The Court therefore finds that Tansy has failed to demonstrate that Castle Vegetch, Inc. cannot be served with reasonable diligence. *See, e.g.*, *Douglas v. Music 88, Inc.*, 2023 WL 5505804, at *2 (C.D. Cal. June 27, 2023) (suggesting a party did not demonstrate reasonable diligence when it did not explain why the

Case 5:22-cv-02936-PCP     Document 108     Filed 11/12/24     Page 3 of 3

1  executor of the dissolved corporation's last designated agent of service and officer was not a
2  trustee that could be served).
3      The Court therefore DENIES Tansy's motion to serve process on Castle Vegtech, Inc.
4  through the California Secretary of State. If Tansy so chooses, it must file a renewed request to
5  serve process on Castle Vegtech, Inc. through the California Secretary of State by no later than
6  December 2, 2024.

**IT IS SO ORDERED.**

Dated: November 12, 2024

P. Casey Pitts
United States District Judge

3